UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| GEORGE MOONEYHAM, )<br>      Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF )<br>AMERICA, )<br>      Respondent. ) | NOS. 2:00-CR-65/2:09-CV-46<br>2:02-CR-73/2:09-CV-47 |

## **MEMORANDUM OPINION**

This matter is before the Court on the "Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody," filed by George Mooneyham ("petitioner" or "Mooneyham"), [Doc. 672 in No. 2:00-CR-65; Doc. 116 in No. 2:02-CR-73]. Also pending is Mooneyham's "Motion to Hold the Case in Abeyance" for up to 180 Days, [Doc. 678].[1] For the reasons set forth below, the motion to hold the case in abeyance will be DENIED. Likewise, the Court has determined that it plainly appears from the petition and the record as a whole that petitioner is not entitled to relief and the § 2255 motion is without merit and will be DENIED and this matter DISMISSED.

### **I. Procedural Background**

On November 15, 2000, Mooneyham and co-defendant Sheridan McMahan ("McMahan") were indicted by the federal grand jury and charged in a nine count superceding indictment, [Doc. 24]. The trial of McMahan and Mooneyham in August, 2001, resulted in a mistrial, [Doc. 201]. Mooneyham was released on bond pending retrial, absconded and remained a fugitive until July,

---

[1] All docket numbers are to docket entries in case number 2:00-CR-65 unless otherwise indicated.

2003. McMahan was retried and convicted in April, 2003. [Doc. 492]. Mooneyham was retried in October, 2003, and convicted on Counts 1, 6 and 10. [Doc. 584].

Prior to his arrest as a fugitive in July, 2003, Mooneyham was indicted a second time by the grand jury on July 23, 2002 and charged with unrelated drug trafficking offenses, [Doc. 1, No. 2:02-CR-73]. After a jury trial which commenced on October 21, 2003, Mooneyham was convicted of three counts of distributing cocaine and methamphetamine, [Doc. 55, No. 2:02-CR-73]. The cases were consolidated for sentencing and Mooneyham was sentenced on January 26, 2004, to concurrent terms of 137 months imprisonment. [Doc. 593]. Judgment was entered on February 9, 2004, [Doc. 595]. Petitioner filed a notice of appeal on February 11, 2004, [Doc. 596]. On January 9, 2007, the Sixth Circuit affirmed Mooneyham's convictions in both cases, but remanded for resentencing in light of the Supreme Court's intervening decision in *United States v. Booker*, 543 U.S. 220 (2005). *United States v. Mooneyham*, 473 F.3d 280 (6th Cir. 2007). Mooneyham's petition for a writ of certiorari was denied by the Supreme Court on November 5, 2007, [Doc. 653]. A resentencing hearing was conducted on March 24, 2008, and the Court reimposed the 137 month term of imprisonment, [Doc. 667]. An amended judgment was entered on April 9, 2008, [Doc. 662]. Petitioner did not file a direct appeal.

On March 5, 2009, petitioner sought an extension of time to file a § 2255 motion, [Doc. 669]. The Magistrate Judge denied the motion on March 9, 2009, [Doc. 671]. The instant motion to vacate was then timely filed on March 23, 2009, [Doc. 672].

## II. Legal Standard

A federal prisoner may file a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence upon the ground that the sentence was imposed in violation of the United States

Constitution. To obtain relief under § 2255, the movant bears the burden of establishing an error of constitutional magnitude which had a substantial and injurious effect or influence on the criminal proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993); *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003); *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). A petitioner seeking relief under § 2255 "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998); *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994).

A petitioner alleging ineffective assistance of counsel must satisfy the two-part test of *Strickland v. Washington*, 466 U.S. 668, 687 (1987). First, he must establish, by identifying specific acts or omissions, that counsel's performance was deficient and that counsel did not provide "reasonably effective assistance," *id*., as measured by prevailing professional norms." *Rompilla v. Beard*, 545 U.S. 374, 380 (2005). Counsel is presumed to have provided effective assistance, and petitioner bears the burden of showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003); *see also Strickland*, 466 U.S. at 689 (a reviewing court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance; that is, the defendant must overcome the presumption that . . . the challenged action might be considered sound trial strategy").

Second, petitioner must demonstrate "a reasonable probability that, but for [counsel's acts or omissions], the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691; *see also*

3

*Smith v. Robbins*, 528 U.S. 259, 285-86 (2000). If a petitioner fails to establish prejudice, the court need not decide whether counsel's performance was deficient. *See United States v. Hynes*, 467 F.3d 951, 970 (6th Cir. 2006) (holding that alleged "flaws" in trial counsel's representation did not warrant new trial where the claims, even if true, did not demonstrate that jury would have reached a different conclusion").

### III. Analysis

#### A.    The Motion To Hold In Abeyance

When Mooneyham filed his § 2255 motion on March 23, 2009, he filed what the Court can only characterize as a "bare-bones" motion without any supporting memorandum. He states two general claims in the motion as ineffective assistance of counsel at "First Trial" and at "Second Trial." He states that "further grounds are reserved pending the need to amend this initial filing to preserve timeliness." [Doc. 672 at 7]. On the last page of the motion, the petitioner has made the following notation: "All parties are to note that this filing is being made to protect the timeliness of the filing. An amended Motion and a complete Supporting Memorandum of Law are underway and will be filed with the court as soon as possible." [*Id*. at 13].

On June 8, 2009, more than a month after the expiration of the statute of limitations[2], Mooneyham filed a motion for a transcript of proceedings held on March 12, 2008[3], the indictment

---

[2] Pursuant to § 2255(f)(1), a § 2255 petition must be filed within one year of the judgment becoming final. Where no direct appeal is filed, the judgment becomes final upon the expiration of the time for filing the notice of appeal. *Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2002). At the time relevant to this motion, petitioner had ten days to file a notice of appeal, Fed. R. App. P.4(b)(1), 26(a) (2008), excluding the day of filing and including intermediate Saturdays and Sundays. Thus, the statute of limitations for Mooneyham's filing a § 2255 motion expired on or about May 9, 2008.

[3] Mooneyham has not claimed that the lack of transcript has hampered him in any way from providing sufficient facts to support his conclusory claims. Further, the transcript he requested was from a hearing where the Court denied his request for substitute counsel and a continuance of his sentencing date,

4

in case number 00-CR-65, the Amended Judgment and any sworn statement or affidavit in support of any "charging document" or search warrant. The Court took no action on the motion until January 17, 2012, when it granted the motion and directed the clerk to mail to petitioner the Indictment and Superseding Indictment in No. 00-CR-65, the Amended Judgment and Commitment Order and complete docket sheets for both cases.

There were no sworn statements or affidavits responsive to petitioner's request. No transcript of the March 12 proceeding had been prepared, and although not required to do so, the Court directed the government to order and file the transcript.[4] Upon its filing, the clerk was directed to mail a copy of the transcript to Mooneyham and he was given 30 days from the date of the mailing of the transcript to file any supplement to his motion and file a supporting memorandum, [Doc. 675]. The transcript was filed on April 4, 2012, and a copy was presumably mailed to the petitioner, although the Court's docket sheet does not so indicate. Since it was not clear whether the clerk mailed petitioner's copy on April 4, the Court orally directed the clerk to mail a copy on June 8, 2012, and make a notation in the docket for the case. Petitioner then filed the motion to hold the case in abeyance on July 5, 2012.

Between March 23, 2009, and July 5, 2012, petitioner made no effort to supplement his § 2255 motion or file a supporting memorandum, which he asserted in his original motion was "underway" and would be filed "as soon as possible." In his motion to hold in abeyance, Mooneyham now asks the Court to hold the case in abeyance "to allow petitioner to obtain

---

a matter not clearly related to any claim raised by Mooneyham.

[4] The Court is not required to provide Mooneyham with transcript so that he may embark on a fishing expedition in search of post-conviction claims. *See* 28 U.S.C. § 753(f); *Bentley v. United States*, 431 F.2d 250, 254 (6th Cir. 1970); *accord Corrigan v. Thoms*, 2003 WL 343247, at *2 (6th Cir. Feb. 12, 2003); *United States v. Wilson*, 49 Fed. App'x 612, 2002 WL 31472439, at *1 (6th Cir. Nov. 1, 2002).

additional case related materials in preparation of his post-conviction relief." Except to say that he "has made an attempt" to obtain an affidavit in support of a search warrant "in the possession of state authorities," he does not identify any of the case related materials to which he refers. He also states that, "since the filing of his § 2255 motion, he has been transferred twice" and has not yet obtained legal documents from family to whom the documents were mailed at the time of his transfer. He does not indicate when these transfers were made or why he has had difficulty getting his legal papers from family.

Mooneyham makes no attempt in his motion to show how any of the "legal documents" are related to any of the claims he has made nor how they are necessary for him to file a memorandum in support of his motion. He offers no explanation for his failure to file the memorandum which was "underway" at the time of the filing of his § 2255 motion at any time within the last three years. To the extent Mooneyham still hopes to add new claims to his motion, they are time-barred. This appears to be his clear intent in seeking a state search warrant affidavit which has no arguable relevance to any issue he has even raised in a conclusory fashion in the § 2255 motion. To the extent he intends to add "supporting facts" to his claims, Mooneyham has known those facts for years. Mooneyham has not shown in any way that he has been diligent in pursuing his motion since its filing. In short, Mooneyham has not shown any justification for further delay and no further extension is appropriate. **B. The Section 2255 Motion**

As noted above, Mooneyham makes general claims of ineffective assistance of counsel at his "First Trial" (presumably the October 14-15, 2003 trial in case No. 00-CR-65) and at his "Second Trial" (presumably the trial which commenced on October 21, 2003, in case No. 02-CR-73). He states his "Supporting facts" for his first ground as:

> The Petitioner is raising a number of separate and distinct claims of ineffectiveness that must be considered separately and collectively, these include; (1) Counsel was not properly prepared for trial; (2) refused to interview, meet with, prepare or call any of the requested witnesses; (3) failed to properly investigate; (4) allowed a Brady violation to go unchallenged despite Petitioner's specific instructions; (5) Did not properly review all discovery with the Petitioner and only allowed Petitioner to hear a limited (and edited) portion of the audio and video evidence the Government had at its disposal; failed to present an adversarial challenge to the Government's allegations; (6) failed to properly protect Petitioner's copnstitutional [sic] due process, confrontation and right to counsel of choice rights. Each of these elements will be specifically set forth in the Supporting Memorandum of Law.

[Doc. 672 at 4]. He states his "Supporting facts" for his second ground as:

> While many of the same issues raised under Ground One apply to the Second Case Trial they will be examined in the supporting memoraum [sic]. There will also be an issue concerning Counsel's failure to call the witness identified as the wife of the informant. There is also a claim of ineffectiveness for not challenging a Brady violation and for not raising Prosecutorial Misconduct on tampering and holding back evidence.

[*Id*. at 5]. That is the sum total of his allegations.

A motion under § 2255 must consist of something more than legal conclusions unsupported by factual allegations. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Marchibroda v. United States*, 368 U.S. 487, 495-96 (1962); *Short v. United States*, 504 F.2d 63 (6th Cir. 1974). When a petitioner files a § 2255 motion, he must set forth facts entitling him to relief. *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961) (collecting cases).

"Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Rule 2 of the Rules Governing § 2255 Proceedings For The United States District Courts requires that the motion, among other things, "specify all grounds for relief available to the moving party" and "state the facts supporting each ground." Rule 4 requires the court to *sua*

7

*sponta* dismiss a § 2255 motion without ordering a responsive pleading[5] "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the petitioner is not entitled to relief." Federal courts are thus authorized to dismiss summarily a § 2255 petition that appears legally insufficient on its face. *McFarland*, 512 U.S. at 856.

Mooneyham's motion falls far short of these standards. He makes only conclusory allegations without any factual allegations at all to support his claims. The Court, therefore, finds that petitioner's allegations, devoid of factual support, are facially insufficient to support a claim for relief under § 2255. *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985) *cert. denied*, 490 U.S. 1025 (1989) (dismissal warranted when "it appears on the face of the petition that petitioner is not entitled to relief."). *See also United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (vague and conclusory allegations contained in a petition may be disposed of summarily without further investigation by the district court); *Oliver v. United States*, 961 F.2d 1339, 1343 n.5 (7th Cir. 1992) (finding that a § 2255 petition cannot stand on vague and conclusory assertions of a constitutional violation; rather, the petition must set forth facts with sufficient detail to point the district court to the real possibility of a constitutional error); *Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989) (holding that vague or conclusory allegations warrant summary dismissal of § 2255 claims); *United States v. Aiello*, 814 F.2d 109, 113-14 (2d Cir. 1987) (holding that a § 2255 petition must be based on more than "[a]iry generalities, conclusory assertions and hearsay statements."); *United States v. Unger*, 635 F.2d 688, 691 (8th Cir. 1980) (holding that "[c]onclusory assertions that a defendant's pleas were involuntary and coerced are insufficient.").

---

[5] The government has responded, [Doc. 677], but not as to the merits of any of Mooneyham's claims. The government, correctly so, says that Mooneyham's allegations "are not specific enough for the United States to meaningfully respond."

A look at the specific claims made by Mooneyham illustrate these deficiencies. Mooneyham claims "[c]ounsel was not properly prepared for trial." (a conclusory allegation). He does not state how nor in what way counsel lacked preparation and does not identify steps that should have been taken or how they would have affected the outcome of the trial. Mooneyham claims counsel "refused to interview, meet with, prepare or call any of the requested witnesses." Yet he does not identify the "requested witnesses," the nature of their supposed testimony, or the effect the testimony would likely have had on the trial. He claims, again in conclusory fashion, that counsel "failed to properly investigate" but he gives no specifics. The same is true with Mooneyham's remaining allegations. He provides absolutely no facts which would enable the Court to make any conclusion about the possible merits of the claims, whether to require the government to respond to the merits, or whether an evidentiary hearing is necessary.

Mooneyham's claims as to the "Second Trial" are even more deficient. He simply asserts that many of the same issues apply to the second trial but provides no factual allegations of any kind. He claims "there will also be an issue concerning Counsel's failure to call the witness identified as the wife of the informant." Again, he does not identify the name of the witness, does not allege that the witness is available or what her testimony might be, and does not show how the testimony might have affected the outcome of the trial. In short, petitioner has alleged **_no_** facts which would even support that counsel was ineffective, much less that Mooneyham suffered any prejudice.

## V. Conclusion

For the reasons set forth above, the Court holds petitioner's conviction and sentencing were

9

not in violation of the Constitution or laws of the United States. Accordingly, his motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 will be DENIED and his motion DISMISSED.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals disapproves of the issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). The district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id*. at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Having examined each of the petitioner's claims under the *Slack* standard, the Court finds that reasonable jurists could not find that this Court's dismissal of petitioner's claims was debatable or wrong. Therefore, the Court will deny petitioner a certificate of appealability as to each claim raised.

A separate judgment will enter.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
